UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| JEREMY ISOM on behalf of himself and all others similarly situated, | ) ) ) | C/A: |
| Plaintiffs, | ) ) | **COMPLAINT** |
| v. | ) ) | **FLSA COLLECTIVE ACTION** |
| PTC SOLUTIONS LLC and MAGNETIC SOUTH OF ANDERSON LLC dba MAGNETIC SOUTH BREWERY, | ) ) ) ) ) | **RULE 23 CLASS ACTION** **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

Plaintiff, Jeremy Isom ("Isom"), on behalf of himself and all others similarly situated, ("Plaintiffs"), complaining of the acts of Defendants PTC Solutions LLC ("PTC"); and Magnetic South of Anderson LLC dba Magnetic South Brewery ("MSA"), (PTC and MSA collectively "Defendants") allege as follows:

## NATURE OF CLAIM

1. This action is brought individually and as a collective action for actual damages, liquidated damages, attorneys' fees and costs, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"). The collective action provisions under the FLSA, § 216(b), provide for opt-in class participation.

2. This action is also brought individually and as a class action for payment of wages and for other relief under the South Carolina Payment of Wages Act, South Carolina Code Ann. § 41-10-10, et. seq. ("SCPWA"). These claims are proposed as opt-out class claims under Rule 23 of the Federal Rules of Civil Procedure.

Complaint
C/A:

## PARTIES, JURISDICTION, and VENUE

3. Plaintiffs reallege each and every allegation contained in the above paragraphs as if repeated here verbatim.

4. Isom is a citizen and resident of Anderson County, South Carolina.

5. PTC is a South Carolina limited liability company maintaining offices and agents in Oconee County, South Carolina. It is an employer of individuals and operates a brewery / restaurant in Anderson County, South Carolina, doing business as Magnetic South Brewery ("MSB").

6. MSA is a South Carolina limited liability company maintaining offices and agents in Oconee County, South Carolina. It is an employer of individuals and operates a brewery / restaurant in Anderson County, South Carolina, doing business as Magnetic South Brewery.

7. Isom was employed at MSB. A substantial part of the events giving rise to these claims occurred in Anderson County.

8. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 based upon Plaintiffs' claims under the FLSA.

9. Plaintiffs brings this action, as an opt-in Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of a class of individuals defined as follows: nonexempt employees of Defendants at any time within the three (3) years prior to joining this lawsuit, who were paid a direct, or hourly, rate less than the minimum wage of Seven and 25/100 dollars ($7.25) per hour, and received tips.

10. Plaintiffs also bring this action as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of individuals defined as follows: nonexempt employees of Defendants at any time within the three (3) years prior to joining this lawsuit, who were paid a direct, or hourly, rate less than the minimum wage of Seven and 25/100 dollars ($7.25)

Complaint
C/A:

per hour, and received tips.

11. Upon information and belief, this action satisfies the requirements of Fed. R. Civ. P. 23(a), as alleged in the following particulars:

    a. The proposed Plaintiff class is so numerous that joinder of all individual members in this action is impracticable;

    b. There are questions of law and/or fact common to the members of the proposed Plaintiff class;

    c. The claims of Plaintiff are typical of the claims of the proposed Plaintiff class; and

    d. Plaintiff will fairly and adequately protect the interests of the class.

12. In addition, upon information and belief, this action satisfies one or more of the requirements of Fed. R. Civ. P. 23(b), because the questions of law and/or fact common to the members of the proposed Plaintiff class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

13. Venue in this District and in this Division is appropriate pursuant to 28 U.S.C. 1391(b)(2) and 1391(c), as a substantial part of the events giving rise to the claims herein occurred in this Division, the Defendants have extensive and deliberate contacts in this Division, and one of the individual Defendants is a resident of this Division.

14. Based upon the above, jurisdiction and venue are proper in this court and division.

15. The work and pay records, including the "tip-out" reports, of Isom and the members of the putative class are in the possession, custody, and/or control of Defendants, and Defendants are under a duty, pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and the regulations

Complaint
C/A:

of the United States Department of Labor, to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained. Plaintiffs request an order of this Court requiring Defendants to preserve such records during the pendency of this action.

## FACTS

16. Plaintiffs reallege each and every allegation contained in the above paragraphs as if repeated here verbatim.

17. Defendants own and / or operate PTC.

18. Defendants through their members and officers exercise operational control over MSB and are involved in the decisions to set the wages and pay, requiring Plaintiffs to pay, from their tips, to Defendants for additional pay to Defendants' managers.

19. Isom was employed by Defendants from approximately November 2023 to April 2024 as a bartender.

20. Defendants paid Isom, and on information and belief all Plaintiffs, a direct, or hourly, wage less than the statutory minimum wage by taking the "Tip Credit" under the FLSA, 29 U.S.C. § 203(m) ("Tip Credit").

21. Defendants had policies that violated the Tip Credit in the following ways:

   a. At the end of each shift, Plaintiffs were required to remit, from the tips they had received, a portion of their tips to Defendants for payment to Defendants' managers.

   b. Defendants required Plaintiffs to perform work that was non-tip producing, a/k/a "Sidework" more than 20% of the time during their workweek and also perform Sidework for more than thirty (30) minutes straight while continuing to take the Tip Credit;

22. Defendants failed to give Plaintiffs proper notice that Defendants were taking the

Complaint
C/A:

Tip Credit in the following ways:

    a.    Defendants failed to give Plaintiffs notice that they were paying Plaintiffs with the Tip Credit;

    b.    Defendants failed to give Plaintiffs notice that Plaintiffs could keep all their tips, except for a tip pool among employees who customarily and regularly receive tips ("Tip Pool").

## FOR A FIRST CAUSE OF ACTION
**Violation of Fair Labor Standards Act**
**29 U.S.C. § 203(m), 206**
**(Violation of Tip Credit / Failure to Pay Proper Minimum Wage)**

23.    Plaintiffs reallege each and every allegation contained in the above paragraphs as if repeated here verbatim.

24.    At all times relevant to this Complaint, Defendants engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and 203(s).

25.    At all times relevant to this Complaint, Defendants' annual gross volume of sales made or business done was not less than Five Hundred Thousand and 00/100 dollars ($500,000.00). Alternatively, Plaintiffs worked in interstate commerce; thus, they are under the protection of the FLSA.

26.    The business of Defendants was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, Defendants are subject to, and covered by, the FLSA.

27.    The FLSA, 29 U.S.C. § 206, requires employers to pay its nonexempt employees a minimum wage of Seven and 25/100 dollars ($7.25) an hour.

28.    The FLSA, 29 U.S.C. § 203(m), provides an exemption allowing certain employers to take a "Tip Credit" and pay less than the statutory minimum wage to tipped employees, on the

Complaint
C/A:

condition that any other sharing of tips is only with other employees who customarily and regularly receive tips.

29. The FLSA, 29 U.S.C. § 203(m), expressly prohibits the employer, in this case the Defendants, from retaining any portion of tips received by employees who Defendants have paid by claiming the Tip Credit.

30. The FLSA, 29 U.S.C. § 203(m), requires the employer, who is taking the "Tip Credit," to give the tipped employees proper notice of this section.

31. Defendants failed to give Plaintiffs notice that they were paying Plaintiffs with the Tip Credit.

32. Defendants failed to give Plaintiffs notice that Plaintiffs could keep all of their tips, except for the Tip Pool.

33. During the work week, Defendants required Plaintiffs to do work that was not tip-producing work for more than 20% of their working time and also required Plaintiffs to do work that was not tip-producing work for more than thirty (30) straight minutes.

34. Plaintiffs were required by Defendants to share a portion of their tips with Defendants for extra pay to Defendants' managers.

35. When the employer fails to comply with the requirements of the Tip Credit provision, 29 U.S.C. § 203(m), the employer can no longer enjoy its benefits.

36. Defendants have violated the FLSA, 29 U.S.C. § 203(m), 206, by either a willful violation of the FLSA or in reckless disregard of the FLSA and the rights of Plaintiffs.

. As such, Plaintiffs seek to recover from Defendants the following damages:

    a. actual damages for a three-year period;

    b. liquidated damages of an equal amount;

Complaint
C/A:

  c. reasonable attorney's fees and costs and disbursements of this action; and

  d. an order from this Court requiring Defendants to comply with the FLSA.

## FOR A SECOND CAUSE OF ACTION
**(South Carolina Payment of Wages Act)**
**(Individual and Class Action)**

37. Plaintiffs reallege each and every allegation contained in the above paragraphs as if repeated here verbatim.

38. Each Defendant is an "employer" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

39. Defendants employed Plaintiffs and the members of the Plaintiffs' class within the State of South Carolina.

40. Plaintiffs worked for Defendants with the clear understanding and agreement with Defendants that their compensation would be consistent with all applicable laws, including state wage laws.

41. Plaintiffs had an employment agreement with Defendants whereby they would be paid wages for all hours worked.

42. SCPWA § 41-10-10(2) defines wages as "all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract."

43. Money received by Plaintiffs as tips were "wages" as defined by SCPWA, § 41-10-10(2).

44. Pursuant to the SCPWA § 41-10-40(C), "[a]n employer shall not withhold or divert any portion of the employee's wages unless the employer is required or permitted to do so by state

Complaint
C/A:

or federal law or written authorization.

45. Defendants deducted, and kept for themselves, amounts from the wages of Plaintiffs that were not permitted by state or federal law and without written authorization. These amounts were illegal deductions.

46. Defendants owe Plaintiffs these wages that were illegally deducted.

47. Defendants' actions were willful, and Defendants have no bona fide reason why they took this action.

48. Pursuant to S.C. Code § 41-10-80(C), Plaintiffs and the members of the Plaintiffs' class are entitled to recover in this action an amount equal to three times the full amount of their deducted wages, as outlined above, plus costs and reasonable attorney's fees.

WHEREFORE, having fully set forth their allegations against Defendants, Plaintiffs respectfully request that the Court enter judgment for the following relief:

    a. An order prohibiting Defendants from violating the FLSA, particularly the Tip Credit, in the future;

    b. For Plaintiffs, under the first cause of action:

        i. actual damages in an amount to be determined;

        ii. liquidated damages of an equal amount;

    c. An order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure to remedy the class-wide violations of the South Carolina Payment of Wages Act;

    d. Actual damages in the amount of wages due under SCPWA;

    e. Treble damages pursuant to SCPWA;

    f. Reasonable attorney's fees and costs;

Complaint
C/A:

    g.    Injunctive relief ordering Defendants to amend their wage and hour policies to comply with applicable federal and state laws; and

    h.    Such further relief as the Court deems just and proper.

Plaintiffs request a trial by jury.

s/Bruce E. Miller<br>
Bruce E. Miller, Esq. (Fed Bar No. 3393)<br>
BRUCE E. MILLER, P.A.<br>
147 Wappoo Creek Drive, Suite 603<br>
Charleston, SC  29412<br>
T: 843.579.7373<br>
F: 843.614.6417<br>
bmiller@brucemillerlaw.com<br>
<br>
**ATTORNEY FOR PLAINTIFFS**

CHARLESTON, SC
July 23, 2024