UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| MIKAL DAVIS on behalf of herself and all others similarly situated, | ) ) ) | Case Number: 8:24-cv-04098-DCC |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **JOINT MOTION** |
| PTC SOLUTIONS LLC and MAGNETIC SOUTH OF ANDERSON LLC dba MAGNETIC SOUTH BREWERY, | ) ) ) ) | **FOR APPROVAL OF FAIR LABOR STANDARDS ACT SETTLEMENT** |
| Defendants. | ) ) ) ) | |

Plaintiff, Mikal Davis, on behalf of herself and all others similarly situated ("Plaintiffs"), by and through their undersigned counsel, and Defendants PTC Solutions LLC and Magnetic South of Anderson, LLC dba Magnetic South Brewery ("Defendant"), by and through its undersigned counsel (Plaintiffs and Defendant jointly, "Parties"), hereby jointly move this Court for approval of settlement in this action. Plaintiffs alleged Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. (hereinafter, the "FLSA"), in particular, by violation of § 203(m), the "Tip Credit."

A motion for conditional certification was granted, and notice was provided to the putative plaintiffs. Eight (8) individuals have joined this action for a total of nine (9) Plaintiffs.[1] There has been a dispute between the Parties as to the underlying facts and the applicable law in this matter. After considerable discussion and review, the Parties have agreed to a settlement. The settlement agreement is attached to this motion as **Exhibit 1**.

---

[1] There were a total of 10 Plaintiffs, but Jeremy Isom passed away during this lawsuit.

The settlement of FLSA claims outside the context of Department of Labor supervised settlements requires court approval.  Courts generally approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. See *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982); *Clark v. Ecolab Inc.*, 2010 WL 1948198, at \*7 (S.D.N.Y. May 11, 2010).   If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. *Lynn's Food Stores, Inc.,* 679 F.2d at 1354.

In considering a motion to approve the settlement of a FLSA collective action, the Court must review the parties' proposed agreement for fairness and reasonableness, considering such factors as: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who has represented the plaintiffs; and (5) the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery. *See Kovacs v. Ernst & Young (In re Jiffy Lube Securities Litigation)*, 927 F.2d 155, 158 (4th Cir. 1991); *Flinn v. FMC Corp.,* 528 F.2d 1169,1173 (4th Cir. 1975); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982).

On balance, the above factors weigh in favor of the Court's approval of the Parties' settlement.  The Parties have engaged in producing and analyzing the business records relating to the merits of the case and potential damages that have been incurred.  Thus, the record has been developed to an extent that both parties were informed of the Plaintiffs' claims, the Defendant's defenses, and the potential liability.

There is no evidence of fraud or collusion on the part of the Parties or their counsel in this case. The proposed Settlement Agreement is the product of arms'-length negotiations between very experienced counsel for the parties.

The attorney who represents the Plaintiffs is an experienced employment attorney whose practice is devoted to employment law. He has litigated many other FLSA Collective Action cases, particularly those alleging violation of the Tip Credit, for many years and is thus able to competently evaluate the merits of the Plaintiffs' claims. **Exhibit 2 – Declaration of Bruce E. Miller.**

Through review of the business records produced in this matter, both Parties have had the opportunity to assess and calculate the potential damages in this case. Although Plaintiffs and their counsel believe that their case has merit, they recognize and acknowledge the uncertain outcome and risk of any case, as well as the expense of continued proceedings through trial and through any possible appeals. Consequently, Plaintiffs believe that the settlement reached is fair, reasonable and adequate and is in their best interests. Similarly, while the Defendants contend that it paid its employees in conformity with the FLSA and believes that the Plaintiffs' case lacks merit, it acknowledges the uncertain outcome and risk of the case and believes that further, protracted litigation is contrary to its best interests. Defendants believe that this settlement is fair and reasonable, and will resolve the dispute at issue, while minimizing its own further expenses.

WHEREFORE, Plaintiffs and Defendant respectfully request that this Court approve the Parties' settlement. Further, the parties request that the Court retain jurisdiction to enforce the terms of the settlement agreement, if necessary.

**Signature Page to Follow**

**WE MOVE:**

s/Bruce E. Miller
Bruce E. Miller (Fed. Bar No. 3393)
BRUCE E. MILLER, P.A.
1459 Stuart Engals Blvd., Suite 202
MOUNT PLEASANT, SC 29464
T: 843.579.7373
F: 843.614.6417
bmiller@brucemillerlaw.com

**ATTORNEY FOR PLAINTIFFS**
Date:   June 2, 2025

**WE MOVE:**

s/ Thomas L. Stephenson
Thomas L. Stephenson (Fed Bar No. 4299)
STEPHENSON & MURPHY, LLC
207 Whitsett St.
Greenville, SC 29601
T: 864.370.9400
F: 864.240.9292
tom@stephensonmurphy.com

**ATTORNEYS FOR DEFENDANTS**
Date:   June 2, 2025