UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| MIKAL DAVIS on behalf of herself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PTC SOLUTIONS LLC and MAGNETIC SOUTH OF ANDERSON LLC dba MAGNETIC SOUTH BREWERY <br><br> Defendants. | Case Number: 8:24-cv-04098-DCC <br><br> **ORDER** <br> **APPROVING SETTLEMENT UNDER** <br> **FAIR LABOR STANDARDS ACT** |

This matter comes before the Court by way of a Joint Motion for Approval of Fair Labor Standards Act Settlement. The attorney for Plaintiff, Mikal Davis, on behalf of herself and all others similarly situated ("Plaintiffs"), and attorney for Defendants, PTC Solution LLC and Magnetic South of Anderson LLC dba Magnetic South Brewery ("Defendants") (jointly, "Parties") request approval of the Settlement Agreement reached between the Parties.

Plaintiffs alleged that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. (hereinafter, "FLSA"), in particular, by violating § 203(m), the Tip Credit. There are disputes between the Parties as to the underlying facts and the controlling law. Nonetheless, the Parties believe the settlement reached and agreed upon to be a fair and reasonable settlement of their dispute, given the uncertainty as to liability and damages and the estimated future costs of litigation.

The settlement of FLSA claims outside the context of Department of Labor supervised settlements requires court approval. Courts generally approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. See *Lynn's Food Stores,*

*Inc. v. United States*, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982); *Clark v. Ecolab Inc.*, 2010 WL 1948198, at *7 (S.D.N.Y. May 11, 2010). If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. *Lynn's Food Stores, Inc.,* 679 F.2d at 1354.

In considering a joint motion to approve the settlement of a FLSA collective action, the Court must review the parties' proposed agreement for fairness and reasonableness, considering such factors as: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who has represented the plaintiffs; and (5) the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery. *See Kovacs v. Ernst & Young (In re Jiffy Lube Securities Litigation)*, 927 F.2d 155, 158 (4th Cir. 1991); *Flinn v. FMC Corp.,* 528 F.2d 1169,1173 (4th Cir. 1975); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982).

On balance, the above factors weigh in favor of the Court's approval of the Parties' settlement. The Parties have engaged in producing and analyzing the business records relating to the merits of the case and potential damages that have been incurred. Thus, the record has been developed to an extent that both parties were informed of the Plaintiffs' claims, the Defendants' defenses, and the potential liability.

There is no evidence of fraud or collusion on the part of the Parties or their counsel in this case. The proposed Settlement Agreement is the product of arms'-length negotiations between very experienced counsel for the parties. The attorney who represents the Plaintiffs is an experienced employment attorney whose practice is devoted to employment law. He has litigated

many other FLSA Collective Action cases, particularly those alleging violation of the Tip Credit, for many years and is thus able to competently evaluate the merits of the Plaintiffs' claims.

Through review of the business records produced in this matter, both Parties have had the opportunity to assess and calculate the potential damages in this case. Although Plaintiffs and their counsel believe that their case has merit, they recognize and acknowledge the uncertain outcome and risk of any case, as well as the expense of continued proceedings through trial and through any possible appeals. Consequently, Plaintiffs believe that the settlement reached is fair, reasonable and adequate and is in their best interests. Similarly, while the Defendants contend that it paid its employees in conformity with the FLSA and believes that the Plaintiffs' case lacks merit, it acknowledges the uncertain outcome and risk of the case and believes that further, protracted litigation is contrary to its best interests. Defendants believe that this settlement is fair and reasonable, and will resolve the dispute at issue, while minimizing its own further expenses.

After due consideration and inquiry into the circumstances surrounding the proposed settlement of Plaintiffs' FLSA claim against Defendants, and review of the Settlement Agreement, I find and conclude that the proposed settlement in this case meets the standard for approval as it reflects a reasonable compromise of a bona fide dispute. I find and conclude that the proposed settlement is just and reasonable and in the best interest of the Parties. I further find the settlement to have been reached in good faith.

The receipt of payment by each of the Plaintiffs in this matter shall constitute an accord, satisfaction, and release of any and all wage and hour claims any such individual may have against the Defendants arising out of their employment with Defendants.

Based upon the Parties' joint request to approve the settlement and after review of the Settlement Agreement, the court approves the Settlement Agreement as requested by the Parties

and dismisses this action without prejudice to allow the parties to consummate the settlement. The court shall retain jurisdiction of this action until all obligations pursuant to the Settlement Agreement have been made. The Parties shall then file a stipulation of dismissal with prejudice after all obligations pursuant to the Settlement Agreement have been made.

**IT IS ORDERED** that the terms of the settlement in this action are approved.

**s/Donald C. Coggins, Jr.**
The Honorable Donald C. Coggins, Jr.
United States District Judge

**June 3, 2025**
Spartanburg, South Carolina